**Stanley P. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 20850.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 4, 1996.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant, Stanley P. Smith, was charged with two felonies: Count I: assault in the first degree, § 565.050 [1]; Count II: armed criminal action, § 571.015.

Appellant struck a bargain with the prosecutor wherein, in exchange for Appellant's plea of guilty to Count I, the prosecutor agreed to: (a) dismiss Count II, (b) recommend a ten-year sentence on Count I, (c) reduce a charge against Appellant's wife "to a class D felony," and (d) recommend a suspended imposition of sentence for Appellant's wife.

Appellant pled guilty to Count I per the agreement, and the plea court sentenced Appellant to ten years' imprisonment.

After delivery to the Department of Corrections, Appellant filed a timely motion to vacate the conviction and sentence under Rule 24.035.[2] Counsel appointed to represent Appellant filed an amended motion.

The motion court denied relief without an evidentiary hearing. Appellant brings this appeal from that order. His sole point relied on is:

"The motion court erred in denying ... relief ... without granting an evidentiary hearing ... in that Appellant pled factual allegations which, if proven, would warrant relief and which are not refuted by the record since Appellant claimed that he received ineffective assistance of counsel ... in that trial counsel failed to file and litigate motions to suppress statements and physical evidence. If trial counsel had properly filed these motions, and prevailed, Appellant would not have pled guilty and would have insisted on going to trial."

Trial counsel's failure to seek suppression of evidence was a subject of discussion when Appellant pled guilty. During questioning of Appellant by the plea court, this dialogue occurred:

"Q ... Have you given any written, or oral statement, confession, or admissions to any law enforcement officers concerning ... this charge you're pleading to?

A I made statements.

Q Okay. Were these in your own handwriting, or were they just oral ...?

A They were just oral.

. . . .

Q Okay. Mr. Smith, before you made those statements, were you advised you had a right to remain silent? Do you remember them reading a little card to you, having you sign some type of rights?

A No, sir, I don't remember.

. . . .

Q ... Have you told your attorney what you remember about giving those statements? Did he talk to you about it?

A Yes, sir.

Q And has he talked to you about motion to suppress, and whether they could be admitted or not?

A Yes, sir.

THE COURT: I think I'll ask your attorney; do you believe, from what he's told you, that he was properly Mirandized?

[Trial counsel]: I think he was, yes, Your Honor. With regard to the statement, I think that there were some items that were taken at the time of the arrest that might have been suppressed, but I do not think they would be determinative of the facts in this case.... In fact, I don't think the state would even

1. References to statutes are to RSMo 1994.

2. Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Appellant was sentenced August 28, 1995, and filed his motion for post-conviction relief October 12, 1995, hence the version of Rule 24.035 in Missouri Rules of Court (1995) governs this proceeding. References to Rule 24.035 in this opinion are to that version.

try to introduce them, to be truthful with you."

The subject arose again at time of sentencing.[3] This exchange occurred:

"[Trial counsel[4]]: Your Honor there's one other thing that I might state for the record, and the Court may remember this. Before this presentence report had been completed ... I was contacted by Mr. Smith, who asked me to file a motion allowing him to withdraw his plea. I spoke with the Court about that, and I want to be sure that's on the record. And I did prepare such a motion.

I did not file it because, after my initial conversations with Mr. Smith, he called me and told me that he did not want it to be filed.

Isn't that correct, Stan?

. . . .

THE DEFENDANT: Yes.

. . . .

[Trial counsel]: ... My client did not want me to file it.

THE COURT: Mr. Smith, you've heard what your attorney said. Is that true?

THE DEFENDANT: Yes.

THE COURT: You are not asking the Court to withdraw the plea?

THE DEFENDANT: No, sir.

THE COURT: And you understand, as I'm sure your attorney has told you, that if I accept the plea bargain and sentence, that's it?

THE DEFENDANT: Yes.

THE COURT: You can't then later say, 'Now I want to withdraw it.' Do you understand that?

THE DEFENDANT: Yes.

. . . .

Q ... Did your attorney do everything you asked him to do prior to your entering your plea of guilty?

A Yes, sir.

. . . .

Q ... Are you satisfied with the services rendered to you by [trial counsel] as your attorney? Even though the Court didn't give you probation, are you still satisfied with [trial counsel's] representation?

A I thought he should have had some motions filed, but ...

Q Okay, in what way?

A Motion to suppress, motions to strike.

Q ... When we took the plea, did the Court tell you ... that you were entitled to your jury trial—

A Yes, Your Honor.

Q —and if you pled guilty, that you would waive all those?

A Yes, Your Honor.

. . . .

Q ... did we mention at all about the motion to suppress not being filed?

A You mentioned specifically, sir.

Q Okay. And I told you that, if he wanted to, we could have the motions, we could go ahead with the plea, and you went ahead with the plea; is that correct?

A Yes, sir."

Appellant's pro se motion to vacate contains a conclusional allegation that trial counsel rendered ineffective assistance in refusing to file a motion to suppress. What counsel should have attempted to suppress is unrevealed.

The amended motion to vacate filed for Appellant by appointed counsel avers trial counsel was ineffective in failing to "file and litigate" a motion to suppress statements Appellant made to law enforcement officers and physical evidence seized by officers. The amended motion pleads a law enforcement officer induced Appellant to make inculpatory statements and reveal the whereabouts of weapons without warning Appellant that his statements and the fruits of the search could be used against him in court. The amended motion further pleads that had counsel liti-

---

**3.** There was a 49–day interval between plea and sentencing so a presentence investigation could be made.

**4.** The transcript identifies the speaker as the prosecutor, but we conclude from the remarks, taken in context, that this is an error and the speaker is trial counsel.

**342**

gated those issues and prevailed, Appellant would have insisted on going to trial.

■ To obtain an evidentiary hearing in a proceeding for post-conviction relief, a prisoner must meet three requirements: (1) he must plead facts, not conclusions, warranting relief; (2) the facts pled must not be refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to him. *State v. Starks*, 856 S.W.2d 334, 336[2] (Mo. banc 1993). In applying that test to the record here, we are mindful that the Western District of this Court held in *Steinle v. State*, 861 S.W.2d 141, 144[9] (Mo.App.W.D.1993), that a complaint of ineffective assistance based on counsel's failure to file and pursue a motion to suppress is waived by a voluntary entry of a guilty plea. Consequently, if Appellant (a) was aware that, through counsel, he could move to suppress his statements to law enforcement officers and to suppress physical evidence, (b) understood that by entering a plea of guilty he waived the right to file such a motion, and (c) voluntarily entered the guilty plea, he cannot now successfully complain that trial counsel failed to file a motion to suppress. *Id.*

The record clearly shows Appellant was aware that, through counsel, he could move to suppress incriminatory evidence. The dialogue at the guilty plea proceeding confirms that Appellant discussed a motion to suppress with trial counsel. Counsel told the plea court he (counsel) believed items taken at time of arrest might have been suppressed, but they would not be "determinative of the facts" and he believed the State would not try to introduce them.

The record further demonstrates Appellant and trial counsel thereafter discussed withdrawing Appellant's plea of guilty, and counsel prepared a motion for leave to withdraw the plea prior to sentencing. However, Appellant told counsel not to file the motion.

At the sentencing hearing, Appellant told the plea court he was not asking to withdraw the plea. When Appellant told the plea court he (Appellant) believed trial counsel "should have had some motions filed," the court explained that by pleading guilty, Appellant "would waive all those." Appellant assured

the plea court he understood he "could have the motions," or "go ahead with the plea." Appellant chose the latter.

The motion court ruled Appellant was not entitled to an evidentiary hearing because "the allegations are refuted by the facts listed in the guilty plea hearing ... and the sentencing hearing...."

Our review of the motion court's denial of post-conviction relief is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(j); *Wilson v. State*, 813 S.W.2d 833, 835[5] (Mo. banc 1991). Such findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

We have no such impression.

Nothing in the record suggests the State's case against Appellant hinged on the admissibility of his inculpatory statements or the items seized by law enforcement officers. Trial counsel's comment at the guilty plea proceeding indicates the items seized were not essential and the State might not even try to introduce them.

After the plea, but before sentencing, Appellant and trial counsel discussed withdrawing the plea, and counsel prepared a motion to do so. However, Appellant chose to leave the plea intact. The plea court made certain Appellant understood that by persisting in his plea, he waived any challenge to the admissibility of his statements and physical evidence.

Appellant's dialogue with the plea court demonstrates he was content with the plea agreement, and his remarks refute any notion that he felt compelled to plead guilty because trial counsel failed to seek suppression of evidence.

■ After a guilty plea, counsel's effectiveness is relevant in a motion for post-conviction relief only to the extent it affects the voluntariness of the plea. *Wilkins v. State*, 802 S.W.2d 491, 497[2] (Mo. banc 1991), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). The existence of allegedly inadmissible evidence against an

accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Gilliland v. State,* 882 S.W.2d 322, 325[6] (Mo.App.S.D.1994); *Farmer v. State,* 758 S.W.2d 156, 157[3] (Mo.App.E.D. 1988); *Taylor v. State,* 539 S.W.2d 589, 590 (Mo.App.1976).

The plea court, based on Appellant's responses at the guilty plea proceeding, found the plea was knowingly, intelligently and voluntarily made.

The motion court, in finding Appellant's allegations were refuted by the facts in the guilty plea hearing and the sentencing hearing, implicitly found that the record refutes Appellant's claim that he pled guilty because trial counsel failed to file a motion to suppress. We hold that finding is not clearly erroneous. Consequently, the motion court did not err in denying relief without an evidentiary hearing.

The order of the motion court is affirmed.

PARRISH and SHRUM, JJ., concur.