Patrick Dallas GRAHAM,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 22607.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 30, 1999.

Motion for Rehearing or Transfer
Denied Jan. 21, 2000.

Application for Transfer Denied
March 21, 2000.

John W. Simon, Inglish & Monaco, P.C., Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for Respondent.

1. All rule references are to Missouri Rules of Criminal Procedure (1999).

PHILLIP R. GARRISON, Chief Judge.

Patrick Dallas Graham ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion without an evidentiary hearing and its order denying his amended motion for recusal of judge. He contends the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing as his plea counsel rendered ineffective assistance by 1) failing to object to the participation of Movant's former attorney in the prosecution of the underlying case against him and 2) failing to move to suppress files and records seized from Movant's business, Conquest Labs, Inc. ("CLI"). Movant further asserts that the motion court erred in denying his amended motion for recusal of judge, due to concerns of impartiality, without first referring the issue to another judge.

Movant was charged by indictment with ten counts of securities fraud in violation of § 409.101[2] and ten counts of selling unregistered securities in violation of § 409.301 in connection with the sale of stock in CLI. An information was filed on April 21, 1997, and on June 23, 1997, the State filed a first-amended information as part of a plea bargain reducing the charges against Movant to three counts of securities fraud. Movant pled guilty to the three-count, first amended information on June 23, 1997, and was sentenced to concurrent ten-year terms on Counts I and II and a consecutive five-year term on Count III, for a total of fifteen years. Movant, thereafter, filed a request for recusal of judge and pursuant to Rule 24.035 filed a motion, which was later amended, seeking to vacate his judgment and sentence. On June 15, 1998, the motion court dismissed Movant's Rule 24.035 motion without an evidentiary hearing and entered an order denying Movant's request for recusal of judge. Movant appeals.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

In his first point on appeal, Movant asserts that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing. In support, Movant claims plea counsel failed to attempt to disqualify Barton County Prosecutor Steven Kaderly ("Kaderly") even though he informed plea counsel that Kaderly had previously assisted him in CLI's business dealings and was a material witness to the events that were the basis of the charges. Movant contends that as a result of such ineffective assistance of counsel he was intimidated or coerced into entering a plea of guilty.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 874.

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). Because Movant's conviction resulted from a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991); *Milner*, 968 S.W.2d at 230.

When reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct was reasonable under the circumstances. *Bauer v. State*, 949 S.W.2d 248, 249 (Mo. App. S.D.1997). In order to overcome such a presumption, a movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Bundy v. State*, 965 S.W.2d 402, 404 (Mo.App. S.D.1998). Movant must also demonstrate to "a reasonable probability that, but for the errors or ineffectiveness of counsel, he would not have pleaded guilty and would have insisted on a trial." *Trehan v. State*, 872 S.W.2d 156, 158 (Mo. App. S.D.1994); *see also Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 207 (1985). A movant must prove both deficient performance and resulting prejudice; however, a court may dispose of a claim due to lack of sufficient prejudice without first considering counsel's performance. *See Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

To warrant an evidentiary hearing, a movant's motion must meet three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must not be refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

In the instant case, the motion court concluded that plea counsel was not ineffective for failing to object to Kaderly's participation, that Movant failed to demonstrate prejudice, and that Movant's claim was refuted by the record. It further found, based on the record, that Movant pled guilty to get the benefit of a plea bargain, because he was guilty. In reaching its conclusion, the motion court focused on several lines of questioning conducted by the trial judge at the plea hearing. At the hearing, the trial court specifically inquired:

Q: Have you ever been promised anything to induce you to enter your plea of guilty?

A: No, other than we do have an agreement.

Q: Okay. You're expecting that if you plead guilty to three counts, there will be a certain recommendation by the prosecutor's office or the state attorney general's office as to what the court should do?

A: That's my understanding.

Q: Other than that promise, have you been promised anything other than that?

A: I have not.

Q: Have you been threatened, coerced, intimidated or mistreated in any manner to get you to plead guilty?

A: No, I have not.

Q: Has anyone, including your attorney, induced you to plead guilty against your will?

A: No, your honor.

Later, during the hearing the following exchange occurred:

Q: All right. And do I understand you would rather the Court accept your pleas of guilty and take the plea bargain than take your chances in going to trial?

A: Yes, your Honor.

Q: And that's the position you're taking at this time?

A: Yes.

Q: Has your attorney done everything you have asked him to do?

A: Yes, he has.

Q: Has he done anything you have asked him not to do?

A: No.

Q: Is the manner and respect which he has represented you, you believe is correct?

A: It's excellent.

Q: And you have given him names of people you wanted him to talk to, or things you wanted him to do in preparing for this?

A: Yes.

Q: And do you believe he has done everything you've asked him to do in doing that?

A: Yes, I do.

Movant also acknowledged that he was guilty of the charged offenses:

Q: Do you believe if you went to trial on these 20 some-odd charges that you might be found guilty on one or all?

A: Yes.

Q: And do you believe —— And you believe that you might be found guilty on some of them?

A: Yes, your honor.

Q: Are you pleading guilty to these three because you are guilty of the charges?

A: Yes, I am.

Movant was also asked about the effectiveness of his counsel's representation upon sentencing and reiterated that he was satisfied with his counsel's performance and that he was voluntarily pleading guilty:

Q: Did you have a sufficient opportunity to discuss the case with your attorney before you entered your plea back in June?

A: Yes.

Q: And did your attorney do the things you asked him to do prior to your entering your plea of guilty?

A: Yes.

Q: Did he do anything you asked him not to do prior to your entering your plea of guilty?

A: No.

* * * * * *

Q: I'll ask you this [Movant]. I know we had a long sentencing hearing here, but prior to the plea, did you talk to [plea counsel] and tell him things you wanted him to do or look into?

A: Yes.

Q: And do you believe that he did?

A: Yes.

* * * * * *

Q: Okay. Other than the plea bargain, did your attorney communicate any threats or promises to you to induce you to enter your plea of guilty?

A: No.

Q: Are you satisfied with the services rendered to you by [plea counsel] as your attorney?

A: Yes.

* * * * * *

Q: Are you— Do you have any complaints about him that you can think about?

A: No, I don't.

The record shows that Movant was not threatened or coerced into entering his plea of guilty and that Movant was satisfied with plea counsel's representation. At both the plea and sentencing hearings, Movant failed to reveal that there was a conflict of interest involving Kaderly or that such an issue was raised with plea counsel. The record indicates that Movant pled guilty in order to obtain the benefit of the plea bargain and because he was, in fact, guilty of the crimes charged, and Movant has failed to allege specific facts showing otherwise. *See Trehan*, 872 S.W.2d at 158; *Recklein v. State*, 813 S.W.2d 67, 70 (Mo.App. E.D.1991). Movant is "barred from obtaining post-conviction relief on his claim that counsel was ineffective after he repeatedly assured the court that he was satisfied with counsel's performance and believed counsel had done everything [Movant] requested." *Daniels v. State*, 927 S.W.2d 512, 514 (Mo. App. E.D.1996).

The motion court's denial of Movant's Rule 24.035 motion without an evidentiary hearing was not clearly erroneous as the record refutes Movant's allegations that his guilty plea was not the product of a voluntary act. This point is therefore denied.

■ In his second point, Movant alleges that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing as plea counsel was ineffective in failing to move to suppress records and files seized from CLI. Movant contends that Associate Judge Charles Curless ("Judge Curless"), the official who signed the search warrant, was "privy to disputed material facts that formed the basis of the criminal charges" in that prior to becoming a judge, he had represented both Movant and CLI. Movant further alleges that Judge Curless was seeking payment of disputed legal fees from Movant and that the pecuniary dispute gave Judge Curless an incentive to be less critical of the search warrant. Movant contends that, but for counsel's failure to move to suppress the materials seized on the basis of the tainted search warrant, there was a "reasonable probability that he would have asserted his right to a jury trial" and would not have pled guilty.

■ The existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made. *Smith v. State*, 937 S.W.2d 339, 342–343 (Mo.App. S.D.1996). In *Smith*, this Court noted that as long as a movant "(a) was aware that, through counsel, he could move to suppress his statements to law enforcement officers and to suppress physical evidence, (b) understood that by entering a plea of guilty he waived the right to file such a motion, and (c) voluntarily entered the guilty plea, he cannot now successfully complain that trial counsel failed to file a motion to suppress." *Id.* at 342.

In the instant case, the motion court's finding was not clearly erroneous. The trial court specifically raised the issue of suppression with Movant at the plea hearing on June 23, 1997. At the hearing, the following exchange occurred:

Q: You understand that your attorney has filed various motions to suppress, motions during this thing that the Court's already ruled on, but you understand that you'll waive appealing these things if you plead guilty and those things go out the window?

A: He told me and I understand.

Q: And you understand if you had a trial, he could still raise those at trial, if you're found guilty, you could appeal that conviction, and he could still raise those things and say that I made a mistake in not – in letting them in; do you understand that?

A: Yes, he told me.

Q: And he's told you that all this is gone if you plead guilty?

A: Yes, he has.

Q: And you understand – you understand that I may be wrong on these motions? I don't think I am, but you understand that – there's a review of these as your attorney says, if you go to trial, and he keeps appealing it?

A: I understand.

The record reveals that plea counsel had discussed the waiver of a motion to suppress with Movant before he pled guilty and that Movant entered his plea knowingly and voluntarily and understood that he was waiving his right to appeal the denial of his motion to suppress. Further, the record shows that Movant's counsel had filed a motion to suppress on April 11, 1997, which was denied on the merits by the trial court on May 29, 1997, after a hearing. The record clearly refutes Movant's claim that his guilty plea was the result of his counsel's failure to file a motion to suppress. Movant's second point is therefore denied.

 In his third and final point, Movant contends that the motion court erred in denying his amended motion for recusal without first referring the issue to another judge. Specifically, Movant alleges "that the sentencing judge had said that [Movant] should be in jail before he had even been indicted; that he had learned facts and formed impressions about the substance of the criminal action in civil litigation regarding the company in question; that he set bond at $100,000 and sentenced the [Movant] on the basis of accusations rather than proven or admitted offenses;

and that he was a material witness to facts at issue in the post-conviction relief proceeding."

In *Thomas v. State*, 808 S.W.2d 364, 366–367 (Mo. banc 1991), the Missouri Supreme Court held that the change of judge procedures contained in Rule 51.05, which permit a party in a civil action to seek one change of judge without cause, do not apply to motions filed pursuant to Rule 24.035. In so holding, the Missouri Supreme Court expressed a strong preference for having the trial judge hear the post-conviction proceeding; however, the court acknowledged that due process does permit a movant to remove a biased judge under Rule 24.035.

 The canons of judicial ethics adopted by the Missouri Supreme Court require a judge in any proceeding to recuse himself when the judge's impartiality might reasonably be questioned. Rule 2, Canon 3(E)(1). The test under this Canon is whether a reasonable person would have a factual basis to doubt the judge's impartiality. *State v. Taylor*, 929 S.W.2d 209, 220 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). A movant must show a disqualifying bias and prejudice to receive a change of judge. *Thomas*, 808 S.W.2d at 367. There is a strong presumption that judges act with honesty and integrity and are capable of discerning their own bias. *State v. Whitfield*, 939 S.W.2d 361, 367 (Mo. banc 1997), *cert. denied*, 522 U.S. 831, 118 S.Ct. 97, 139 L.Ed.2d 52 (1997).

 If the motion for recusal is "substantively insufficient," in that the facts presented form an insufficient basis for recusal, the judge is not required to have a different judge hear the motion. *Taylor*, 929 S.W.2d at 221. The judge is in the best position to determine if recusal is necessary. *State v. Nunley*, 923 S.W.2d 911, 917 (Mo. banc 1996), *cert. denied*, 519 U.S. 1094, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997).

In the instant case, Movant first alleges that prior to indictment, outside of chambers, Judge C. David Darnold ("Judge Darnold") stated, in reference to Movant, that they were "finally going to put that [expletive] where he belongs." Movant asserts that the statement was made in the presence of several witnesses, including Assistant Attorney General Douglas M. Ommen ("Ommen"), and that it clearly showed bias.

The only evidence that Movant apparently presented to the motion court in support of this claim was his affidavit. The affidavit, however, upon the State's objection, was never admitted because it contained double hearsay and because the State had not been given an opportunity to cross examine Movant on this issue. Movant's claim was also refuted by the testimony of Ommen, who testified that Judge Darnold never made such a statement in his presence. Movant's claim, therefore, was properly denied as it was substantively insufficient to form a basis for recusal.

Movant also alleges that Judge Darnold was biased as a result of presiding over numerous civil proceedings related to Movant's business practices. Movant, however, offered no evidence at the hearing in support of such an allegation. Mere adverse rulings and previous contacts in other litigated matters do not form the basis for a claim of bias. *Bruflat v. Mister Guy, Inc.*, 933 S.W.2d 829, 836 (Mo.App. W.D.1996); *Johnson v. State*, 796 S.W.2d 662, 664 (Mo.App. S.D.1990). Movant's claim, therefore, is substantively insufficient and was properly dismissed.

Movant further claims bias as a result of Judge Darnold's insinuation at the bond reduction hearing that Movant's wife's salary was a part of Movant's scheme to defraud investors. At the bond reduction hearing, Judge Darnold stated:

And that his wife, who seems to— to know nothing about the operation, was paid 120,000 a year. And I don't know if that's true; that's the allegations. And I don't know too many people in this county or circuit that make 120,000 a year to I don't know what, and don't know much about a corporation. There's some big corporations listed on the New York Stock Exchange where the top five make 3– or 400,000 a year. But after that it drops pretty significantly. And for 120,000— You know, but as I say, these are allegations, not proof. I don't know, the state's going to have to prove these things, not— It's easy to put something on paper.

Judge Darnold's statement at the bond reduction hearing did not constitute grounds for removal. In its Amended Information, the State charged Movant with willfully making an untrue statement of material fact by stating that he would not take a salary from CLI until CLI was on a sound financial footing, when, in reality, Movant was drawing a salary of $120,000 per year under his wife's name. Judge Darnold clearly referred to this information as an allegation and not as proven fact. Furthermore, Judge Darnold granted Movant's motion for bond reduction.

Movant also alleges that Judge Darnold made disparaging references toward Movant and his profession, which he claimed to be a scientist, and in general, exhibited a biased demeanor toward Movant at the sentencing hearing. The transcript of the sentencing, however, refutes Movant's claim, and demonstrates that Judge Darnold carefully listened to and weighed the information presented. From the pre-sentence report, Judge Darnold could have reasonably concluded that Movant was not a scientist based on the fact that Movant spent six years in college, never maintained above a D average, and failed to graduate.

Additionally, a "judge's remarks during a trial, even those that are critical or even hostile to a party, do not support a claim of bias and partiality." *Haynes v. State*, 937 S.W.2d 199, 204 (Mo. banc 1996). In *Haynes*, the court held that a judge's reference to defendant as a monster did

not require recusal. The court found that words of reprobation, especially at sentencing, do not establish a disqualifying bias and further noted that at sentencing, a judge's detached neutrality necessarily disappears, as the judge becomes the conscience of the community. *Id.*

Here, Judge Darnold's comments at sentencing were based on what he heard at the sentencing hearing and read in the pre-sentence report, and there is no evidence of bias or prejudice. Consequently, this portion of Movant's claim is denied.

Movant also claims that Judge Darnold sentenced him based on counts that were dismissed. Movant, however, failed to produce any evidence at the hearing and has failed to make citations to the record in support of such an allegation. The record clearly refutes any such allegation as it demonstrates that Judge Darnold understood that Movant was pleading guilty to three counts as part of a plea bargain with the State. The Judge discussed this matter with Movant, noting that as part of the plea bargain, the State reduced the counts from twenty to three and placed a cap of fifteen years imprisonment. Judge Darnold's sentence was within the statutory range of punishment and was within the cap of fifteen years set out in the plea agreement.

■ Movant also claims that Judge Darnold was biased because he sentenced Movant as a prior offender. Movant, however, was a prior offender. Section 558.016.2 defines a prior offender as "one who has pleaded guilty to or has been found guilty of one felony." Even if Movant's imposition of sentence was suspended, his plea of guilty conferred upon him the status of prior offender. *See State v. Pinson,* 717 S.W.2d 266, 271 (Mo.App. E.D.1986); *State v. Foster,* 684 S.W.2d 597, 598 (Mo.App. E.D.1985). Further, Movant admitted at the plea hearing that he was a prior offender. At the hearing, Judge Darnold and Movant had the following discussion:

Q: Do you believe also that the State could prove that you have a prior felony offense which occurred-either a plea of guilty or finding of guilty-which occurred prior to the dates of these offenses?

A: Yes, your Honor.

Q: And this prior offense actually is an offense alleging that on February 3rd of 1984 you pled guilty to a felony of wire fraud for the United States District Court for the Western District of Missouri; is that true?

A: Yes.

The motion court therefore did not err in denying the motion to recuse on this ground as Movant was properly found to be a prior offender.

Finally, Movant alleges that Judge Darnold was required to recuse himself because Movant planned to call him as a material witness at an evidentiary hearing requested on Movant's Motion to Vacate, Set Aside or Correct Judgment or Sentence. Since Movant's Rule 24.035 motion was denied without an evidentiary hearing, this issue has become moot. Consequently, this portion of Movant's allegation is denied.

As Movant's amended motion for recusal was substantively insufficient, presented claims that were not cognizable as a matter of law, and presented claims that were refuted by the record, the amended motion for recusal was properly denied. Movant's third and final point is therefore denied.

The judgment of the motion court is affirmed.

PREWITT, J., concurs.

BARNEY, J., concurs.