**James Corey BRAXTON, III,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

No. 27835.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2007.

Matthew Ward, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Roger W. Johnson, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

James Corey Braxton, III, ("Movant") appeals the denial of his motion for post-conviction relief, following an evidentiary hearing, pursuant to Rule 24.035.[1] He contends that the trial court erred in denying his motion because he received ineffective assistance of counsel, in that his trial counsel failed to file, and advise Movant of the possibility of filing, a motion to suppress evidence.

Around September 1, 2001, Officer Kevin Shipley ("Officer Shipley") of the Springfield Police Department received information from a reliable informant that David Fox ("Fox") was selling crack cocaine from his apartment in Springfield, Missouri. After confirming through City Utilities that the apartment was in Fox's name, Officer Shipley arranged a controlled buy whereby his informant purchased $60 worth of crack cocaine from Fox in the apartment. On September 6, 2001, officers executed a search warrant at Fox's apartment. Fox and three other

men, one of which was Movant, were found in the parking lot of the apartment complex where Fox lived, were handcuffed, escorted into the apartment, and searched. While searching Movant, Officer Shipley found a bag of marijuana and a chunk of crack cocaine in Movant's shirt pocket. Officer Shipley arrested Movant, listing him as a resident of the apartment on his paperwork.

On June 27, 2002, Movant was charged with the class C felony of possession of a controlled substance, a violation of Section 195.202, the class A misdemeanor of possession of a controlled substance, a violation of Section 195.202, and the class A misdemeanor of possession of drug paraphernalia, a violation of Section 195.233. At that time Movant also had two other misdemeanor cases pending.

Movant agreed to plead guilty to the felony of possession of a controlled substance and the State agreed to drop the two misdemeanor counts and the two pending misdemeanor cases. Pursuant to this plea agreement Movant was sentenced to seven years imprisonment, the execution of which was suspended and Movant was placed on probation for five years. Subsequently, Movant failed to enroll in drug treatment and his probation was revoked and his sentence executed.

Movant, pursuant to Rule 24.035, filed a timely motion to vacate or amend the judgment and sentence. Counsel was appointed and an amended motion was filed. In his amended motion, Movant made three claims, one of which stated that he was denied effective assistance of counsel because his plea counsel failed to file, and advise Movant of the possibility of filing, a motion to suppress the evidence seized.

1. All references to rules are to Missouri Rules of Criminal Procedure (2006) and all references to statutes are to RSMo (2000), unless otherwise indicated.

An evidentiary hearing was held and the motion court entered its "Order Denying Motion to Vacate, Set Aside or Correct Judgment and Sentence Under Rule 24.035." Movant appeals this order.

■ Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Weeks*, 140 S.W.3d at 44.

In his sole point on appeal, Movant claims that his trial counsel was ineffective for not filing a motion to suppress the evidence obtained when he was searched. Movant contends that the evidence was obtained while he was illegally seized, that a reasonably competent attorney would have advised him that the evidence could have been suppressed, and had he been so advised he would have chosen not to plead but instead litigate the suppression motion and proceed to trial.

■ "A claim that counsel was ineffective for failing to file and pursue a motion to suppress is waived by the voluntary entry of a guilty plea." *Ramsey v. State*, 182 S.W.3d 655, 657 (Mo.App. E.D. 2005). In fact, after a guilty plea, "counsel's effectiveness is relevant in a motion for post-conviction relief only to the extent it affects the voluntariness of the plea." *Smith v. State*, 937 S.W.2d 339, 342 (Mo. App. S.D.1996). To prevail, Movant "must demonstrate a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Weldin v. State*, 973 S.W.2d 107, 111 (Mo.App. S.D.1998). The existence of allegedly inadmissible evidence against Movant is not sufficient to vacate a guilty plea that was voluntarily and knowingly made. *Id.*

The record in this case shows that during the plea hearing Movant indicated that he had enough time to meet with his trial counsel, Christopher Lebeck ("Lebeck"), and discuss any defenses that Movant may have had to the charges. Movant stated that he was satisfied with Lebeck's work on his case. Also, the following dialogue took place at the plea hearing:

> The Court: You also will give up your right to file and have me rule on any pretrial motions to suppress statements you might have given to the police, or keep certain items of evidence out of the trial. All that sort of thing goes away. Do you understand that?
>
> [Movant]: Yes, sir.
>
> . . . .
>
> The Court: Anything about the rights I've explained that you don't understand?
>
> [Movant]: No, sir.

Movant admits that on the day of the plea he knew he had the right to file a motion to suppress, but claims that he was unaware of any legal basis that he may have had to suppress the evidence against him because his trial counsel never informed him of the possible legal grounds. He claims that had trial counsel informed him that there was a possibility that the evidence against him could be suppressed he would have not pled guilty and instead proceeded to trial.

During the evidentiary hearing Lebeck stated that he did "not recall specifically" why a motion to suppress was not filed nor whether he had any discussions with Movant about filing a motion to suppress. However, Lebeck testified that there were strategic reasons why he may not have

filed a pretrial motion, such as a motion to suppress, even though it arguably had merit. He said:

> There are strategic reasons. And especially in Greene County, anytime you file a motion to suppress, you initiate a deposition, you do some further action on a case, all bets are out the window and the plea agreement that you may or may not have negotiated with the prosecutor's office was null and void. So the risk of filing a motion to suppress in this case or in other cases would have been that the plea offer that had been negotiated with the prosecutor at that time would have been null and void.

Lebeck stated that he always advised his client of these strategic concerns.

Movant also testified at the evidentiary hearing that the main reason he pled guilty was because he was still facing two unrelated misdemeanor charges and those cases would be dismissed. He also stated that he pled because he "was wanting to get home to [his] children."

The record shows that Movant wanted to be able to go home to his children. The easiest way for this to occur would be for him to accept the plea deal. His trial counsel, while he may or may not have specifically discussed any grounds for a motion to suppress, did inform Movant if he filed any pretrial motions, such as a motion to suppress, the plea offer would have become null and void. Therefore, Movant took the plea offer and pled guilty to the felony possession charge, the State dropped the two other counts and two unrelated misdemeanor charges still pending, and Movant was placed on probation.

Assuming arguendo that Lebeck specifically told Movant that he may be able to suppress the evidence and that such motion to suppress had a chance of success, the record indicates that Movant, despite his testimony at the evidentiary hearing to the contrary, would still have pled guilty. The record shows that the criminalist that tested the narcotics in Movant's case was under suspicion for tampering with certain items. Movant was aware of this fact, which may have had an exculpatory impact on Movant's case, and still decided to accept the plea agreement. During the plea hearing the following dialogue took place:

> Lebeck: . . . I would like to note for the record that this is a Matthew Barb case, and as you're aware, he's currently under investigation for tampering. I have advised [Movant] of this and the possible outcomes at trial as a result of that. And he feels . . . that this is in his best interest to go ahead and plead guilty today given that information.
>
> The Court: Okay. That has been disclosed to you, [Movant], and I don't know what the outcome of all that is going to be, but apparently this criminalist that tested the narcotics in your case is under some suspicion for having perhaps tampered with certain items up there. *So it is possible the State could have trouble proving this,* but it's still okay for you to plead guilty if you did commit this crime, but you need to know that before you do that. Has all that been explained to you?
>
> [Movant]: Yeah.
>
> The Court: Is that still what you want to do?
>
> [Movant]: Yes, sir.
>
> The Court: You did commit the crime?
>
> [Movant]: Yes, sir.

(emphasis added).

The record shows that Movant was aware that there was a possibility the State would have had trouble proving that the evidence seized from Movant was not tampered with. He still chose to accept the plea. This scenario is hardly different from Movant being informed he may or

may not be able to suppress the evidence against him, especially considering Movant was informed that he would likely lose the plea offer if a motion to suppress was filed. Because Movant wanted to go home to his children, he accepted the deal and pled guilty. He cannot now complain because he failed to comply with the terms of the probation.

After reviewing the entire record we hold that the findings of the motion court were not clearly erroneous. The order of the motion court is affirmed.

BARNEY and LYNCH, JJ., concur.