Gary MAY, Jr., Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93155.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 19, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 22, 2010.

Application for Transfer Denied
May 25, 2010.

Gwenda Renee Robinson, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Gary May Jr. (Movant) appeals from the motion court's denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. In concluding that the motion court's denial was not clearly erroneous, we affirm.

### Background

Movant was charged by indictment with three counts of class B felony assault on a law enforcement officer in the second degree, two counts of class A felony robbery in the first degree, three counts of class B felony attempted robbery in the first degree, one count of class C felony tampering in the first degree, one count of class D felony resisting or interfering with arrest, and one count of class A misdemeanor unlawful possession of drug paraphernalia. The State of Missouri (State) also charged Movant as a persistent felony offender with convictions for two or more felonies committed at different times.

On January 28, 2008, in exchange for the State's offer to recommend a total twenty-year sentence and to refrain from pursuing persistent felony offender enhancements,[1]

---

1. In Missouri, the authorized term of imprisonment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment." Section

Movant pleaded guilty to each of the aforementioned counts. That same date, the plea court sentenced Movant to serve a term of twenty years imprisonment for each of the two robbery counts, a concurrent term of fifteen years on each of the three assault of law enforcement officer counts, a concurrent term of fifteen years on each of the three attempted robbery counts, a concurrent term of seven years on the tampering count, a concurrent term of four years on the resisting arrest count, and a concurrent term of sixty days on the unlawful possession of drug paraphernalia count.

On June 26, 2008, Movant filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence. On March 10, 2009, Movant's court-appointed counsel filed an amended motion for post-conviction relief pursuant to Rule 24.035 (Motion for Post–Conviction Relief). Specifically, Movant contended that: (1) his plea counsel was ineffective for failing to move to suppress a coerced statement Movant made to law enforcement confessing to the charged offenses; (2) his plea counsel was ineffective for inducing his involuntary guilty plea by threatening that a trial by jury could likely lead to a sentence of life imprisonment; and (3) the fifteen-year imprisonment terms on the three counts of assault of a law enforcement officer exceeded the maximum punishment allowable.

On April 28, 2009, the motion court granted Movant's motion in part and denied it in part. With respect to Movant's third claim, the motion court reduced the plea court's sentence on each of the three counts of assault of a law enforcement officer from fifteen years to seven years, to run concurrent with the remaining sentences. This reduction reflected the motion court's finding that the conduct for which Movant was charged constituted class C felonies, not class B felonies. With respect to Movant's first and second claims, however, the motion court denied both claims without an evidentiary hearing. In so denying, the motion court explained that "[i]t is apparent from the record that [M]ovant's pleas were knowingly and voluntarily entered, and that he waived any complaints about any lack of preparation or any failure of his attorney to challenge potential evidence." Furthermore, the motion court found that the record "reflects that no threats were made to induce his pleas, and ... [t]he mere prediction or advice of counsel does not constitute coercion."

### Point on Appeal

In his sole point on appeal, Movant claims that the motion court erred in denying, without an evidentiary hearing, his post-conviction claim that his plea counsel was ineffective for failing to move to suppress Movant's confession. Movant contends that he pleaded facts, not conclusions, that the record does not conclusively refute and that entitle him to relief on his ineffective assistance of counsel claim.

### Standard of Review

■ Appellate review of a motion court's denial of a post-conviction motion under Rule 24.035 is limited to the determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Wooldridge v. State,* 239 S.W.3d 151, 153–54 (Mo.App. E.D.

558.011, RSMo 2009. Furthermore, if a defendant is found to be a "persistent offender," the total authorized maximum terms of imprisonment for a class B felony, class C felo-

ny, and class D felony are enhanced, respectively, to the sentence already authorized for a class A felony, class B felony, and class C felony. Section 558.016, RSMo 2009.

2007); Rule 24.035(k).[2] "The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004).

### Discussion

### I. Evidentiary Hearing

■ The motion court in this case denied Movant's ineffective assistance of counsel claim without an evidentiary hearing. To obtain an evidentiary hearing under Rule 24.035 on claims of ineffective assistance of counsel, (1) the movant must raise facts, not conclusions, warranting relief, (2) the facts alleged must raise matters not refuted by the record, and (3) the matters must have resulted in prejudice to the movant. *Bequette v. State,* 161 S.W.3d 905, 907 (Mo.App. E.D.2005). An evidentiary hearing is not required if the motion court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief. Rule 24.035(h).

### II. Ineffective Assistance of Counsel

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that he was prejudiced by his counsel's objectively unreasonable, deficient performance. *Castor v. State,* 245 S.W.3d 909, 913 (Mo.App. E.D.2008). Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that it affects the voluntariness and understanding with which the movant made his plea." *Ramsey v. State,* 182 S.W.3d 655, 658 (Mo. App. E.D.2005). A movant demonstrates prejudice by showing the existence of a

reasonable probability that, "but for counsel's unprofessional errors, [the] movant would not have pleaded guilty and would instead have insisted upon going to trial." *Patrick v. State,* 160 S.W.3d 452, 455 (Mo. App. S.D.2005). A movant demonstrates his counsel's objectively deficient performance by showing that such performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. *Thomas v. State,* 249 S.W.3d 234, 237 (Mo.App. E.D.2008).

■ Moreover, it is well-settled that a "claim that counsel was ineffective for failing to file and pursue a motion to suppress is *waived* by the *voluntary* entry of a guilty plea." *Ramsey,* 182 S.W.3d at 657 (emphasis added). "[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). The mere "existence of allegedly inadmissible evidence against [a movant] is not sufficient to vacate a guilty plea that was voluntarily and knowingly made." *Braxton v. State,* 271 S.W.3d 600, 602 (Mo.App. S.D.2007).

### III. Merits of Movant's Appeal

■ As mentioned above, to obtain an evidentiary hearing on his ineffective assistance of counsel claim, Movant must raise facts, not conclusions, that are not conclusively refuted by the record and that call into question the voluntariness of his guilty plea. Here, the factual allegations contained in Movant's Motion for Post–Conviction Relief focus primarily on the circumstances surrounding the statements he made to the police.[3] Even if we presume

---

2. All references are to Mo. R.Crim. Pro.2009, unless otherwise provided.

3. Movant alleged that he was beaten; that the officers read him his *Miranda* rights; that he does not remember waiving his *Miranda*

Movant's statements accurately reflect a coerced confession, these allegations do not affect the voluntariness of Movant's subsequent guilty plea. Because a guilty plea renders ineffective assistance of counsel claims immaterial except with respect to the voluntariness of the plea, Movant's factual allegations pertaining to the circumstances of his confession afford him no relief under Rule 24.035.

█ The remaining factual allegations contained in Movant's Motion for Post–Conviction Relief are summarized as follows: Movant states he informed plea counsel of the circumstances surrounding his confession and that plea counsel did not move to suppress the confession; that Movant's "plea counsel told him … that his statement to police would get him life imprisonment"; that his plea counsel "made him feel as though pleading guilty was his only option"; and that he "pleaded guilty out of fear of receiving a life sentence and never seeing his young son again." As to these factual allegations, the record conclusively refutes any inference that Movant's plea was not voluntarily made. At the plea and sentencing proceeding, Movant testified that he understood each of the counts against him, along with the punishment range each count carried. Movant also testified that he had enough time to discuss the counts charged with his plea counsel; that his plea counsel fully explained his rights to him; that his plea counsel discussed with him both the content of each count and the applicable punishment ranges on each count; that his plea counsel answered all of his questions; that his plea counsel discussed with him trial tactics; that his plea counsel did everything Movant asked him to do pertain-

ing to his representation; and that he had no complaints against his plea counsel. Additionally, Movant testified that he failed to give his plea counsel the names of any witnesses to testify on his behalf; that he understood that his guilty plea meant that he was foregoing a jury trial in which the State had the burden to prove his guilt beyond a reasonable doubt; that no threats or promises, other than the plea agreement, were made to him to induce his plea of guilty; and that his plea counsel did not make any threats or promises, other than the plea agreement, to induce his plea of guilty.

Although "general inquiries about counsel's performance may not be sufficient to refute the record in some circumstances," *Ramsey*, 182 S.W.3d at 658, the plea court's specific inquiries in this case adequately demonstrate that Movant plead guilty on his own volition and with sufficient awareness of the consequences of his plea. The allegations raised by Movant, if true, raise serious and substantial questions not only about his plea counsel, but of the law enforcement officials involved in Movant's arrest and interrogation. Movant could have raised questions about the circumstances of his interrogation and his plea counsel's performance at the plea hearing. Instead, Movant repeatedly expressed satisfaction with his plea counsel and denied that he had been coerced to plead guilty. *See Ramsey*, 182 S.W.3d at 658 (holding that where the movant was clearly aware of the issues he claimed his counsel failed to pursue prior to the plea hearing, had ample opportunity to discuss his concerns about counsel during the plea hearing, yet repeatedly expressed his satisfaction with counsel's performance, the

rights; that he was under the influence of drugs at the time he made his statement; that the officers raised their voices towards him; that the officers threatened him with lengthy

incarceration if he failed to cooperate; and that the officers told him that his accomplice had already confessed.

movant's claim that his counsel was ineffective in failing to pursue a motion to suppress was conclusively refuted by the record such that the motion court did not clearly err by denying the movant's claim for post-conviction relief without an evidentiary hearing).

The record before us conclusively supports the motion court's finding that Movant entered a voluntary guilty plea, thereby waiving any complaints about his plea counsel's failure to file a motion to suppress evidence.

## Conclusion

Based on the foregoing, we conclude that the entire record reflects that the motion court's denial of Movant's motion for post-conviction relief was not clearly erroneous. We affirm.

GEORGE W. DRAPER III and GARY M. GAERTNER, JR., JJ., concur.