In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

NICHOLE MARIE JAGELS, ) No. ED108783
 )
 Appellant, ) Appeal from the Circuit Court of
 ) St. Charles County, Missouri
vs. ) No. 1711-CC00064
 )
STATE OF MISSOURI, ) Honorable Deborah J. Alessi
 )
 Respondent. ) Filed: January 19, 2021

Angela T. Quigless, P.J., Kurt S. Odenwald, J., and James M. Dowd, J.

 Introduction

 Appellant Nichole M. Jagels appeals the judgment denying her Rule 24.035 motion for

post-conviction relief after an evidentiary hearing. Finding no error, we affirm the motion

court’s judgment that plea counsel was not ineffective because Jagels’ pleas were knowing,

intelligent, and voluntary and plea counsel did not coerce her or give her an ultimatum to enter

her guilty pleas. Nevertheless, a clerical error in the written judgment’s description of one of

Jagels’ convictions requires that we remand the matter for the sentencing court to correct the

error pursuant to Rule 29.12(c) through an order nunc pro tunc.

 Background

 Jagels was charged with numerous crimes occurring from May to December 2015 in

which she sexually victimized and abused three underage girls including her own daughter. In
connection with plea negotiations, a number of charges were dismissed and Jagels agreed to

plead guilty to two counts of second degree statutory sodomy, one count of felony invasion of

privacy in the second degree, misdemeanor invasion of privacy in the second degree, and an

Alford plea of guilty to attempted enticement of a child. The State recommended a 22-year

aggregate sentence.

 At the plea hearing, Jagels told the court she understood the elements of the offenses to

which she was pleading guilty and the range of punishment she faced - up to 49 years - and that

the State’s punishment recommendation was 22 years. After she pleaded guilty and was

sentenced, she told the sentencing court she had no complaints about her plea counsel.

 Jagels’ amended motion for post-conviction relief was filed by appointed counsel on

November 19, 2018. At her deposition taken in connection with her amended motion, Jagels

testified that she felt coerced to take the plea offer by plea counsel’s statements that if she did not

take the offer it would be “off the table” and she would “get 50 years” if she went to trial.

 The motion court overruled the motion finding that Jagels’ plea was knowing and

voluntary and noting that as part of the plea negotiations, which Jagels’ authorized her counsel to

pursue, the State dismissed numerous serious felony counts and agreed to allow Jagels to enter

an Alford plea to one of the charges. This appeal follows.

 Standard of Review

 Appellate review of the denial of a Rule 24.035 motion is limited to a determination of

whether the motion court’s findings, conclusions, and judgment are clearly erroneous.

Wooldridge v. State, 239 S.W.3d 151, 153–54 (Mo. App. E.D. 2007). The motion court’s

findings and conclusions are presumptively correct and will be overturned only when the court,

after reviewing the entire record, is left with a “definite and firm impression that a mistake has

 2
been made.” Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010). After a guilty plea, our

review is limited to a determination of whether the movant’s plea was knowing and voluntary.

Loudermilk v. State, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998).

 In order to prevail on a claim of ineffective assistance of counsel, a movant must show by

a preponderance of the evidence (1) that his attorney failed to exercise the customary skill and

diligence that a reasonably competent attorney would perform under similar circumstances, and

(2) that he was prejudiced thereby. Sanders v. State, 738 S.W.2d 856, 857 (Mo. banc 1987)

(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). There is a strong presumption that

counsel’s performance was reasonable and effective. Zink v. State, 278 S.W.3d 170, 176 (Mo.

banc 2009). To overcome this presumption, the movant must point to specific acts or omissions

of counsel that, in light of all the circumstances, fell outside the wide range of professionally

competent assistance. Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005).

 When a claim of ineffective assistance of counsel follows a guilty plea, the claim of

ineffective assistance is “immaterial except to the extent it impinges on the voluntariness and

knowledge with which a [movant] pled guilty.” Cain v. State, 859 S.W.2d 715, 717 (Mo. App.

E.D. 1993). As a result, in order to prevail on an ineffective assistance of counsel claim

following a guilty plea, a movant “must establish a serious dereliction of duty that materially

affected his substantial rights and further show that his guilty plea was not an intelligent or

knowing act.” Evans v. State, 921 S.W.2d 162, 164 (Mo. App. W.D. 1996). Prejudice exists if

the movant can show that, but for counsel’s ineffective assistance, he would have not pleaded

guilty and instead would have insisted on going to trial. May v. State, 309 S.W.3d 303, 306 (Mo.

App. E.D. 2010).

 3
 Discussion

I. Jagels’ plea was knowing and voluntary, not coerced.

 Jagels seeks to convert her plea counsel’s accurate description of the serious

consequences and stark choice she faced into coercion. It was not. Our Supreme Court noted in

Johnson v. State, 580 S.W.3d 895, 901 (Mo. banc 2019) that although the description of the

maximum punishment a defendant faces may be frightening, the mere explanation of the range

of punishment, even when couched in somewhat hyperbolic terms, does not constitute coercion

when the explanation did not exaggerate the maximum authorized punishment. Id. Moreover, a

defendant’s counsel who merely explains all the possible results and sentences in the event of a

trial is doing his or her duty as an attorney. Id. at 903. The pressure the defendant experienced

was the direct result of his own crimes and the grim choice he faced, not of his counsel’s

accurately informing him of the sentence he risked if he rejected the plea offer and went to trial.

Ryan v. State, 547 S.W.3d 151, 155 (Mo. banc 2018).

 Here, the record refutes Jagels’ claim that her guilty pleas were the result of coercion by

counsel. In her petition to enter a guilty plea, she pleaded that she had not been coerced or

threatened in any way and that she had enough time to consult with her attorney and consider the

plea offer with her family before agreeing to enter the pleas. Then at the plea hearing, she

reiterated that the pleas were knowing and voluntary, that she had not been forced or threatened

to agree to them, and that she was satisfied with her attorney’s efforts on her behalf. This record

alone refutes her claim and warrants the denial of this point.

 Finally, Jagels’ claim is fundamentally undercut by the benefits obtained by her counsel

from the plea negotiations which Jagels authorized. Multiple charges were dismissed and Jagels

eliminated the risk of over 25 years in prison and obtained the certainty of a 22-year sentence.

 4
 As a result of our review of the record in this case, we find Jagels argument lacks merit as

to either prong of Strickland - that her counsel was ineffective or that she was thereby

prejudiced. Thus, Jagels fails to rebut the presumption that her plea was both knowing and

voluntary.

II. Remand is required to correct with an order nunc pro tunc the clerical error in the

 written judgment’s description of one of Jagels’ convictions.

 One of the crimes to which Jagels plead guilty was the class D felony of second-degree

invasion of privacy in violation of § 565.253. There is no dispute from the record of the court’s

oral pronouncement of the judgment that Jagels was charged and convicted pursuant to her guilty

plea of that crime. However, in its written judgment the sentencing court incorrectly referred to

this conviction as a class C felony. The failure to accurately memorialize the trial court’s

judgment as announced in open court is a clerical error that may be corrected by a nunc pro tunc

order pursuant to Rule 29.12(c). State v. Johnson, 220 S.W.3d 377, 384 (Mo. App. E.D. 2007).

The State concedes this point and we agree that this clerical mistake should be corrected

pursuant to Rule 29.12(c). Therefore, this matter is remanded for this limited purpose.

 Conclusion

 This matter is remanded to the sentencing court to correct pursuant to Rule 29.12(c) its

written judgment consistent with this opinion through an order nunc pro tunc. This case is

affirmed in all other respects.

 ______________________________
 James M. Dowd, Judge
Angela T. Quigless, P.J., and
Kurt S. Odenwald, J., concur.

 5