STATE of Missouri, Respondent,

v.

Earl Lee HARRIS, Appellant.

No. 47257.

Missouri Court of Appeals,
Eastern District.

March 27, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1984.

Application to Transfer Denied
June 19, 1984.

Donald J. Hager, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from jury convictions obtained in two separate trials. In the first trial, defendant was convicted of burglary and stealing, and received consecutive twelve-year sentences. In the second trial, he was convicted of burglary, and received another twelve-year sentence to be served concurrently with those already imposed. Counsel for defendant has raised five points of error regarding the first trial, and four concerning the second. In addition, a supplemental brief by separate counsel and defendant's pro se briefs have been filed. None of the points warrant a new trial. We affirm.

Defendant was charged by information with seventeen counts arising out of fourteen separate occurrences. All of the charged offenses occurred within a space of forty-seven days, and fourteen counts involved crimes committed within the twenty-seven day span between March 10 and

April 6 of 1981. Defendant, claiming the joinder of all seventeen counts in one charging paper was improper, asserts the trial court erred in refusing to order the state to elect which charges it wished to try. The court instead severed for trial the counts relating to each transaction.

■■■ Rule 23.05 allows the state to charge all offenses that are part of a common scheme or plan in separate counts of one indictment or information. The common scheme or plan requirement requires the offenses to be the product "of a single or continuing motive." *State v. McCrary,* 621 S.W.2d 266, 271 (Mo. banc 1981). The trial court exercised its discretion and severed the counts by transaction for separate trials before separate juries. *Id.* at 272. At no time during either trial did defendant object that he was not ready to try those counts. Evidence of the other charged offenses was never admitted. Defendant therefore suffered no prejudice due to the joinder of the offenses. *State v. Couvion,* 655 S.W.2d 80, 82 (Mo.App.1983). Defendant's Points I, II, and VII are denied.

■■■ Defendant raises two points of error concerning the admission of evidence concerning his escape from the Perry County Jail while being held under the information. Evidence of escape while being held under pending charges is admissible to show a consciousness of guilt, even if the escapee is held for two or more charges. *State v. Pickett,* 642 S.W.2d 703, 705 (Mo.App.1982). We deny Points Relied On IV and V.

Point Relied On VI is denied without comment.

Defendant complains of limitations imposed by the court on cross-examination of witness Judy Murphy. Murphy, arrested with defendant, faced a myriad of charges in other counties in addition to those she faced with defendant. She turned "State's Evidence" for certain considerations, and the details of the deal were fully exposed to the jury. Her testimony included a description of the commission of the offenses.

Defendant, at the first trial, sought to impeach her testimony with prior inconsistent statements in letters she had written. After asking if Murphy had ever lied to a judge, defendant contradicted her negative answer with a letter in which she stated she had given a judge a false name at a bond hearing. Defendant was not allowed to use the rest of the letter, which contained a description of her behavior during that bond hearing. This included her description of how she tried to convey the impression that she could not remember the information on her "rapsheet" by snapping her fingers next to her ears and then acting as if·she suddenly remembered, and how she had the judge wondering what was going on.

Murphy testified at the second trial as well. Defendant attempted again to impeach her by prior inconsistent statements contained in two letters. Neither attempt was allowed.

■■■ Impeachment by prior inconsistent statement is permissible. *State v. Wilkerson,* 638 S.W.2d 308, 311 (Mo.App. 1982). However, the trial court has considerable discretion to exercise concerning the extent of cross-examination, including the prevention of repetitive or unduly harassing interrogation, limitation of attacks on general credibility, or attempts to elicit irrelevant or collateral matters. *State v. Russell,* 625 S.W.2d 138, 141 (Mo. banc 1981). Murphy's prior criminal record, her deal with the state, and her propensity for falsehood were all before the jury. *State v. Newlon,* 627 S.W.2d 606, 620 (Mo. banc 1982). The trial court did not abuse its discretion in refusing to permit the cross-examination. *State v. Jones,* 629 S.W.2d 589, 591–92 (Mo.App.1981). Points III, IX and X are denied.

Defendant makes several complaints concerning his legal representation. The public defender, Donald Hager (Attorney), was appointed to represent defendant. On January 20, 1983, eleven days before trial defendant, because of a dispute over which witnesses to call, moved *pro se* to dismiss attorney and appoint new counsel. During

**582**

a hearing on that motion on January 24, defendant requested to act *pro se* at trial. This request was withdrawn when defendant was denied a continuance or an investigator. The motion to replace attorney was denied. This ruling is assigned as error.

On the second trial, again expressing dissatisfaction with attorney defendant requested to act *pro se*. The trial judge patiently explained the pitfalls and drawbacks of such self-representation, *see State v. Quinn*, 565 S.W.2d 665, 676–77 (Mo.App. 1978), and informed defendant that if he decided to proceed *pro se*, he would not be allowed to change his mind. Defendant signed a waiver of counsel, and trial proceeded, with attorney as "second chair." Just before closing arguments, defendant moved to have attorney enter an appearance and make the final defense argument, for the reason defendant perceived he had a "poor chance of winning unless" attorney argued the case. Defendant likewise assigns this ruling as error. He also alleges ineffective assistance of counsel.

 A criminal defendant is not entitled to have any particular attorney appointed to represent him. *State v. Kent*, 637 S.W.2d 119, 122 (Mo.App.1982). Motions to substitute counsel are directed to the discretion of the trial court, *State v. Olinghouse*, 605 S.W.2d 58, 70 (Mo. banc 1980), and defendant must show an irreconcilable conflict, a total breakdown in communication between attorney and client to be entitled to a substitution. *State v. Fields*, 636 S.W.2d 76, 80 (Mo.App.1982). Disagreement with the advice of counsel alone is insufficient. *State v. Denny*, 619 S.W.2d 931, 933 (Mo.App.1981). No such irreconcilable conflict occurred in this case.

Defendant's assertion of ineffective assistance of counsel is refuted by the record. The decision not to call the witnesses defendant requested, whose testimony would only impeach Murphy, is not sufficient to establish ineffectiveness. *Robinson v. State*, 643 S.W.2d 8, 9–10 (Mo. App.1982).

Defendant assigns as his final error the refusal of the trial court to allow attorney, "second chair" at the second trial, to give the final argument. The court had specifically warned defendant if he defended *pro se*, he would not be allowed to switch at trial. With that knowledge the right to counsel had been waived. The court has discretion in regulating the extent of participation of co-counsel to a *pro se* litigant; a defendant has no right to proceed both *pro se* and through counsel. *State v. Johnson*, 586 S.W.2d 437, 443 (Mo. App.1979). We find no abuse of discretion in not allowing final argument by co-counsel. Defendant's Point VIII and the Points Relied On in the supplemental briefs relating to his representation are denied.

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concur.