Larry TROUPE, Appellant,

v.

STATE of Missouri, Respondent.

No. 55152.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Lucy A. Liggett, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. The conviction sought to be vacated followed movant's guilty pleas to burglary in the second degree, possession of heroin, and four counts of stealing-third offense. He was sentenced in the aggregate to eighteen years' imprisonment. We affirm.

Movant contends the trial court erred in denying him an evidentiary hearing on his claims of ineffective assistance of counsel. In his 27.26 motion, movant alleged his counsel was not adequately prepared for trial; he did not discuss the facts of the case with movant or consult with him; and he promised movant a different sentence than he ultimately received.

In order to be entitled to an evidentiary hearing, movant must allege facts, not conclusions, which warrant relief, are not refuted by the record, and result in prejudice to movant. *Chapman v. State*, 720 S.W.2d 17, 18[1] (Mo.App.1986). Following a guilty plea, ineffective assistance of counsel is only relevant if it affected the voluntariness of the plea. *Gawne v. State*, 729 S.W.2d 497, 499[1] (Mo.App.1987).

A review of the transcript of the guilty pleas refutes each of movant's allegations. When questioned by the trial judge, movant stated he had consulted with his attorney concerning his case and was satisfied with his representation. After hearing the recommended sentences, movant once again stated he was happy with his attorney's representation. The recommended sentences were greater than the sentences actually pronounced by the trial judge. Thus movant's allegation that he was promised a sentence less than the one he received does not ring true.

The record discloses movant pled guilty because he was in fact guilty and did so of his own free will and in consideration of a plea bargain arrangement.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.