**Earl Lee HARRIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56239.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 3, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 8, 1989.

Application to Transfer Denied
Dec. 12, 1989.

David E. Woods, Regional Public Defender, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

HAMILTON, Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Following severance of charges, two juries found Movant guilty of two counts of burglary and one count of stealing. After the first trial, the trial court sentenced Movant to consecutive terms of twelve years each for one count of second degree burglary and one count of felony stealing. After the second trial, the trial court sentenced Movant to a term of twelve years for second degree burglary, to be served concurrently with the earlier sentence. This court affirmed the convictions on appeal. *State v. Harris*, 669 S.W.2d 579 (Mo. App.1984). Movant filed a pro se Rule 29.15 motion on April 5, 1988. Following his appointment by the motion court, counsel for Movant filed an amended motion on July 8, 1988. On January 18, 1989, the motion court denied the Rule 29.15 motion without an evidentiary hearing.

Appellate review of a 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j); *Moton v. State*, 772 S.W.2d 689, 691 (Mo.App. 1989). The findings, conclusions, and order of the trial court are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.*

Moreover, to be entitled to an evidentiary hearing, Movant must allege facts, not conclusions, that are unrefuted by the record and that result in prejudice. *Troupe v. State*, 766 S.W.2d 722, 723 (Mo.App.1989) (citing *Chapman v. State*, 720 S.W.2d 17, 18 (Mo.App.1986)).

In his first point Movant contends his trial counsel was ineffective in failing to persuade the trial court to change venue to a location outside the circuit and in withdrawing Movant's motion for a change of venue. The motion court found this contention without merit because a decision not to seek a change of venue is a tactical decision demonstrating no incompetency unless manifestly wrong. *Fitzpatrick v. State*, 578 S.W.2d 339, 340 (Mo.App.1979).

The record here fails to support Movant's first point. At the hearing on pre-trial motions on December 6, 1982, Movant agreed to the decision to withdraw his motion for change of venue. The motion court, therefore, correctly found that Movant could not "simply withdraw his motion for change of venue and subsequently argue that his lawyer was ineffective and the trial judge denied him due process."

Movant's second and fourth points, asserting that his trial counsel was ineffective for failing to call witnesses favorable to Movant and asserting that the trial court violated his Sixth Amendment right to represent himself, were both raised and decided on direct appeal. *Harris*, 669 S.W.2d 579. A motion for post-conviction relief cannot serve "as a vehicle for a second appellate review and issues decided in direct appeal cannot be relitigated in a post-conviction proceeding." *O'Neal v. State*, 766 S.W.2d 91, 92 (Mo. banc 1989) (citing *Armbruster v. State*, 686 S.W.2d 519 (Mo. App.1985)). Points two and four are denied.

In his third point, Movant asserts the trial court violated his constitutional rights when it sentenced him to consecutive prison terms because the record contains neither evidence nor a finding by the trial court to show that consecutive sentences were imposed as a matter of the trial court's discretion. Since this point involves a question of law rather than fact, it can be decided without an evidentiary hearing. *See Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980). Movant relies on *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975), which held that mandatory consecutive sentences imposed pursuant to Section 546.480 RSMo. 1969 denied those to whom it applied equal protection of the law. *Id.* at 127. The sentencing statute in effect at the time of Movant's sentencing, however, contained no mandatory consecutive sentencing provision; therefore, *Baker* is inapplicable. That statute, Section 557.036(1) RSMo.. Supp.1982, required the trial court to "decide the extent or duration of sentence ... to be imposed under all the circumstances, having regard to the nature and circumstances of the offense and the history and character of the defendant and render judgment accordingly." It required no findings to be made in support of the sentence. Moreover, a sentence within the statutory range, such as Movant's, offers no basis for vacation. *Grannemann v. State*, 748 S.W.2d 415, 416 (Mo.App.1988) (citing *Hubbard v. State*, 706 S.W.2d 289, 290 (Mo.App.1986)). Movant's third point is denied.

Judgment affirmed.

SIMON, C.J., and DOWD, J., concur.