Neley MILNER, Appellant,

v.

STATE of Missouri, Respondent.

No. 21730.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 1998.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

Neley Milner ("Movant") pled guilty to one count of involuntary manslaughter, and three counts of second degree assault, for which he received consecutive sentences totaling forty-eight years in prison. The charges stemmed from an automobile collision, in which the car Movant was driving struck another car from behind, killing one occupant and injuring three others. He subsequently filed a *pro se* motion, which was later amended by appointed counsel, for post-conviction relief per Rule 24.035. Movant claimed, *inter alia*, that he received ineffective assistance of counsel in connection with his guilty pleas. The motion court denied these claims after an evidentiary hearing. Movant now appeals. We affirm.

In our review of the motion court's denial of post-conviction relief, we limit our inquiry to whether its findings and conclusions were clearly erroneous. Rule 24.035(k). We will answer that question in the affirmative only if our examination of the entire record leaves us with the definite and firm impression that the motion court made a mistake. *Payne v. State*, 864 S.W.2d 17, 18 (Mo.App. E.D.1993).

A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances, and that he was thereby prejudiced. *State v. Franklin*, 854 S.W.2d 438, 441 (Mo.App. W.D.1993). When the defendant's conviction results from a guilty plea, we consider his claim of ineffective assistance of counsel only to the extent that it affected his ability to knowingly and voluntarily enter the plea. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo.banc 1992). Thus, the defendant must show that, but for counsel's errors, he would not have pled guilty, and would have instead insisted upon going to trial. *Id.* There is a presumption that trial counsel was competent. *Johnson v. State*, 941 S.W.2d 827, 829 (Mo.App. W.D.1997). Finally, we recognize that the motion court is free to believe all, part, or none of a movant's

evidence, and may totally reject a movant's evidence, even if it is uncontradicted. *Franklin*, 854 S.W.2d at 443.

Movant presents two points on appeal, both of which allege that his plea counsel was ineffective. In his first, he contends that counsel was ineffective in failing to timely request a change of venue. Counsel's lapse, Movant asserts, caused his guilty pleas to be involuntary and unknowing, because he entered them based on his fear of going to trial in Jasper County.

The collision that led to Movant's convictions occurred in Jasper County, and Movant's case was apparently the subject of considerable publicity there. Movant was intoxicated when the collision occurred, and it resulted in the death of an eight-year-old child and injury to three members of the child's family. Movant testified that he asked counsel to move for a change of venue during their first meeting, and that counsel neglected to do so until well after the deadline for such a motion had passed.[1] Counsel testified that the publicity surrounding the case was "devastating," but that the worst of it occurred after the deadline for requesting a change of venue. The change of venue motion was still pending when Movant plead guilty to the charges against him. The trial court did not rule on the motion, because Movant's pleas rendered the issue moot.

Movant's fear of going to trial in Jasper County, he argues, caused him to plead guilty. He testified that counsel told him that he would "receive eighty years" if he went to trial in Jasper County, and that counsel "didn't want to set up any kind of defense" for him. Movant stated that he would have gone to trial in another county, because he believed that he was not guilty. Movant's own testimony at his plea hearing belies this claim: "I'm pleading guilty because I believe I'm guilty." Movant's contention is also contradicted by his representation at the plea hearing that he was convinced that he had been driving while intoxicated, and that he had caused the collision that led to the charges against him, even though he had no recollection of the incident.

Movant's claim of ineffective assistance of counsel necessarily assumes that a timely change of venue motion would have been granted, an assumption not supported by the record. Counsel testified that he had had difficulty getting changes of venue in Jasper County in the past, even in murder cases. Moreover, the mere existence of pretrial publicity does not automatically require a change of venue. *Wilhite v. State*, 845 S.W.2d 592, 595 (Mo.App. E.D.1992). A decision not to seek a change of venue demonstrates no incompetence by counsel unless it is manifestly wrong. *Harris v. State*, 779 S.W.2d 700, 701 (Mo.App. E.D.1989). Movant has not demonstrated that counsel was incompetent in failing to make a timely motion for a change of venue, given that much of the pretrial publicity in his case occurred after the filing deadline had passed. His contention that he pled guilty out of fear of a trial in Jasper County and the accompanying likelihood of a long prison sentence also lacks merit, because a plea of guilty to escape a greater penalty than might be assessed in a jury trial is not involuntary. *Phillips v. State*, 902 S.W.2d 318, 321 (Mo.App. S.D. 1995). Movant's first point is denied.

In his second point, Movant argues that his counsel was ineffective because he failed to investigate several witnesses whose testimony could have provided him a defense. He argues that two witnesses could have testified that he was not driving the car involved in the collision that led to the charges against him, and three others could have attested that he did not have any injury to his chest from the steering wheel of the car after the collision. Movant contends that counsel's failure to locate these witnesses left him with no evidence for a defense, thereby rendering his pleas of guilty involuntary.

---

1. The case was pending in Jasper County. That county is not one in which a criminal defendant is entitled to a change of venue as a matter of right upon a timely request pursuant to Rule 32.03. Pursuant to Rule 32.04, an application for change of venue for cause is required to be filed not later than 10 days after the initial plea is entered. In this case, the application for change of venue was filed more than 10 days after the initial plea.

When a defendant pleads guilty, he generally waives any complaint about his counsel's failure to investigate his case, and such complaints are only relevant insofar as they affect the voluntariness of the plea. *Evans v. State*, 921 S.W.2d 162, 164–65 (Mo. App. W.D.1996). Counsel's failure to interview witnesses is rarely sufficient to support a claim of ineffective assistance of counsel. *Id.* To prevail on such a claim, a movant must show that the potential witnesses could have been located through reasonable investigation, that they would have testified if called, and that their testimony would have provided the movant with a viable defense. *State v. Tubbs*, 806 S.W.2d 746, 749 (Mo.App. S.D. 1991).

In the instant case, Movant contends that two men he knew from Alcoholics Anonymous and Narcotics Anonymous, Edward Duff and a man whose first name was Scott, could have testified that he was not driving the car in the fatal collision. Movant testified that he told counsel that Duff could be located through the local DARE House, a residential facility for recovering addicts, and that Movant's girlfriend could show counsel where Scott lived. Counsel testified that he spoke with the DARE House director, who agreed to post a notice on the bulletin board requesting that anyone with information on the collision contact him. Counsel received no response to this notice. He also spoke with Movant's girlfriend, who gave him the names of some witnesses who had allegedly heard someone else admit to driving the car. When counsel spoke to these witnesses, they denied hearing such a confession. Movant complains that counsel could not locate Duff and Scott because he waited too long to begin investigating them.

Movant asserts that three fellow inmates at the jail could have testified that he had no marks on his chest, which might have been expected if he had hit the steering wheel of a car in the collision. He further testified that these men were still at the jail when he told counsel about them, and that counsel failed to question them. At his plea hearing, however, Movant testified that counsel had answered all of his questions concerning the case, and that he had no complaints about counsel's services. Movant gave similar testimony at his sentencing hearing, saying that counsel had done all that Movant had asked of him prior to entering his plea.

Only Movant's post-conviction testimony supports his claim that counsel failed to investigate his witnesses adequately. The motion court was not obliged to believe him, and it apparently did not. Instead, it found that "counsel diligently pursued all leads and vigorously represented Movant," and that there was "no basis to assert counsel did not follow up with possible witnesses as requested." Movant has failed to overcome the presumption that counsel acted competently, and to demonstrate that he motion court clearly erred by denying him relief on this basis. We therefore deny Movant's second point.

The judgment of the motion court is affirmed.

PREWITT and CROW, JJ., concur.