Donald J. SMITH, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 23412.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 2000.

Motion for Rehearing or Transfer
Denied Sept. 22, 2000.

Application for Transfer Denied
Oct. 31, 2000.

Stephen M. Patton, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., for Respondent.

Before PREWITT, J., GARRISON, J., and BARNEY, C.J.

PER CURIAM.

Donald J. Smith ("Movant") was charged on December 17, 1997, with one count of first degree robbery in violation of Section 569.020,[1] and on January 14, 1998, with one count of second degree assault in violation of Section 565.060, four counts of first degree robbery in violation of Section 569.020, six counts of armed criminal action in violation of Section 571.015, and two counts of first degree burglary in violation of Section 569.160. The charges stemmed from crimes committed between June 25, 1997 and November 7, 1997. Movant pled guilty to the above charges and was sentenced on August 21, 1998. Movant, thereafter, pursuant to Rule 24.035 filed a motion for post-conviction relief, which was later amended. The motion court denied relief without an evidentiary hearing. Movant appeals.

Movant's sole point on appeal is that the motion court erred in denying relief without an evidentiary hearing in that Movant pled factual allegations which are not refuted by the record and, if proven, would warrant relief. Movant alleges that he received ineffective assistance of counsel in the underlying criminal case as a result of the failure of his former counsel, Robert Payne ("Attorney Payne"), to file a motion for a change of venue.[2] Movant argues

---

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (2000), unless otherwise indicated.

2. Attorney Payne represented Movant during the time the motion for change of venue could have been filed. Movant indicates that Attorney Payne "stopped working on [Movant's] case," and that Public Defender Clate Baker ("Attorney Baker") took over Movant's repre-

that he was forced to plead guilty because he would not have received a fair trial in that it was "likely that the people of Greene County were prejudiced against [him]" due to the "high profile" nature of his case.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991); *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995).

■ A criminal defendant seeking post-conviction relief based on a claim of ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). Because Movant's conviction resulted from a guilty plea, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992); *Bauer v. State*, 949 S.W.2d 248, 249 (Mo.App. S.D. 1997). Thus, Movant must show that, but for counsel's errors, he would not have pled guilty and would have instead insisted upon going to trial. *Hagan*, 836 S.W.2d at 464. There is a strong presumption that counsel's conduct was reasonable under the circumstances. *Bauer*, 949 S.W.2d at 249.

■ An evidentiary hearing is not required unless the movant's motion meets three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993); *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

In the instant case, the motion court denied an evidentiary hearing upon finding:

Movant state[d] no facts, only conclusions based on his allegation that it was a "high profile" case. The mere existence of pretrial publicity in a criminal case does not automatically require a change of venue. The relevant question is not whether there was publicity surrounding the crime, nor whether the prospective jurors in the case remembered the publicity or the crime; the critical question is whether the jurors had such fixed opinions that they could not judge impartially the guilt of the accused. Movant has stated no facts that would support his "belief" and has not demonstrated any prejudice. (Citations omitted.)

■ The motion court's finding is not clearly erroneous. While Defendant did refer in his amended motion to the "high profile" nature of his case, he did not allege any facts in support of this conclusion. He simply stated that he was "forced to plead guilty" because he would not have received a fair trial as it was "likely that the people of Greene County were prejudiced against [him]." Furthermore, the decision whether to grant or deny a change of venue motion based on pretrial publicity is a matter left within the trial court's sound discretion. *State v. Mo-*

sentation. Attorney Baker discovered that, contrary to Movant's request, the motion for

change of venue had not been filed.

*rin*, 873 S.W.2d 858, 872 (Mo.App. S.D. 1994). As the motion court correctly states "the mere existence of pretrial publicity in a criminal case does not automatically require a change of venue." *See Milner*, 968 S.W.2d at 231. Rather, the critical question is whether the jurors had such fixed opinions that they could not impartially judge the guilt of the accused. *Morin*, 873 S.W.2d at 872. Movant made no such factual allegations in his amended motion.

Movant's claim that Attorney Payne's failure to file a motion for a change of venue rendered his guilty plea involuntary and unknowing is also refuted by the record. At Movant's guilty plea hearing, the trial court specifically inquired:

> THE COURT: ... In making the decision to come in and plead today, it's [Attorney Baker] here who you've had a chance to talk with about that. Would that be right?
>
> [MOVANT]: Yes, sir.
>
> THE COURT: In that regard, before making that decision, do you feel like you had enough chance to talk with [Attorney Baker] about your options and tell him the stuff he needs to know to help advise you on all this?
>
> [MOVANT]: I've had ample time.
>
> THE COURT: Okay.... How about [Attorney Baker] here? Have you been satisfied with his services?
>
> [MOVANT]: For the most part, I have been satisfied.

* * * *

> THE COURT: ... [H]as anyone made any promises to you to get you to come in and plead guilty today?
>
> [MOVANT]: No promises were made but I heard that part of an agreement would be that there would be no other charges filed or refiled.

* * * *

> THE COURT: All right. Other than that, has anyone made any promises to you to get you to plead guilty?
>
> [MOVANT]: No sir.
>
> THE COURT: Has anyone made any threats against you to get you to plead guilty?
>
> [MOVANT]: No.
>
> THE COURT: Are you pleading guilty because you are in fact guilty and you did participate in each of these events that the prosecutor just described to me here over the last few minutes?
>
> [MOVANT]: Yeah.

In regard to Attorney Payne, Movant remarked:

> I hired [Attorney Payne] who didn't help my case a bit.
>
> And now it's come down to the wire and I would rather have an open plea than take to trial for the simple fact I would most likely be facing less time if I just plead guilty.

The record indicates that although Movant was dissatisfied with Attorney Payne's work on his case, he was satisfied with Attorney Baker's advisement concerning his plea and he entered his plea knowingly and voluntarily.

The motion court's denial of Movant's Rule 24.035 motion without an evidentiary hearing was not clearly erroneous as Movant failed to meet his initial burden of pleading facts, not conclusions, not refuted by the record, which would entitle him to relief, and the record refutes Movant's allegations that his guilty plea was not the product of a knowing and voluntary act. Movant's point is therefore denied.

The judgment of the motion court is affirmed.