Jeremy W. **BARRINGER**, Movant–Appellant,

v.

**STATE** of Missouri, Respondent–Respondent.

No. 23575.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 22, 2000.

Motion for Rehearing or Transfer Denied Jan. 10, 2001.

Application for Transfer Denied Feb. 13, 2001.

whether or not Detective Martin improperly searched the house.

Stephen M. Patton, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Emily K. Wiggins, Assistant Attorney General, Jefferson City, for Appellee.

GARRISON, Judge.

Jeremy W. Barringer ("Movant") ap-

peals from the denial of his Rule 24.035[1] motion without an evidentiary hearing. On appeal, Movant alleges that he was entitled to an evidentiary hearing and relief under his motion because his plea counsel was ineffective for withdrawing his motion to withdraw his guilty pleas. We affirm.

Movant was charged by indictment with five counts of first-degree burglary, one count of second-degree burglary, one count of attempted first-degree burglary, and one count of forcible sodomy. Pursuant to a plea agreement, the State dismissed four of the counts, leaving Movant charged with three counts of first-degree burglary and one count of forcible sodomy. Movant pled guilty to all four counts on January 14, 1997.

Following the plea hearing, Movant filed a motion, pursuant to Rule 29.07(d), to set aside his guilty pleas. A hearing was held on that motion, and the motion was overruled. At the sentencing hearing on May 23, 1997, Movant's plea counsel, Stephen Lada, renewed the request to withdraw Movant's guilty pleas, but that was also denied. The court sentenced Movant to fifteen years imprisonment on each of the three counts of first-degree burglary, to be served concurrently, and to seven years imprisonment on the count of forcible sodomy, to run consecutively with the burglary sentences. Subsequently, the sentencing court set aside Movant's sentence and then recused itself. The case was then assigned to Judge Holden.

On February 26, 1999, a re-sentencing hearing was held. Movant was represented by a different attorney than had represented him at the original sentencing. Prior to the re-sentencing hearing, Movant's new attorney, James Feely, Jr. ("Attorney Feely"), filed a new motion to withdraw Movant's guilty pleas. However, at the re-sentencing hearing, Attorney Feely told the court that Movant wished to withdraw his motion to withdraw his guilty pleas and to proceed with sentencing. When the court asked Movant if this was his position, he agreed. The court then sentenced Movant to fifteen years imprisonment on each of the three counts of first-degree burglary, to be served concurrently, and to seven years imprisonment on the count of forcible sodomy, to run consecutively with the burglary sentences.

Movant filed a motion to vacate, set aside, or correct the judgment pursuant to Rule 24.035 on March 26, 1999, and that motion was later amended by appointed counsel on July 22, 1999. In his motion, Movant alleged ineffective assistance of counsel and requested an evidentiary hearing. In response, the State filed a motion to dismiss without an evidentiary hearing. The motion court granted the State's motion to dismiss without an evidentiary hearing, finding that Movant failed to plead sufficient facts in his motion to show that Attorney Feely was ineffective, or that Movant was prejudiced by Attorney Feely's alleged failure to advise him. Movant appeals.

In his sole point on appeal, Movant alleges that he should have been granted an evidentiary hearing to prove that Attorney Feely was ineffective in failing to advise him of the consequences of withdrawing his motion to withdraw his guilty pleas. Movant claims that he did not want to withdraw the motion, but instead, "wanted the court to withdraw his guilty plea and to take his case to trial."

■ Appellate review of the denial of a motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and

---

1. All rule references are to Missouri Rules of Criminal Procedure (2000), and all statutory references are to RSMo 1994, unless otherwise indicated.

firm impression that a mistake has been made. *Leisure*, 828 S.W.2d at 874.

■ A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Milner v. State*, 968 S.W.2d 229, 230 (Mo.App. S.D.1998). Because Movant's conviction resulted from pleas of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty pleas were made. *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991); *Milner*, 968 S.W.2d at 230.

■ When reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct was reasonable under the circumstances. *Bauer v. State*, 949 S.W.2d 248, 249 (Mo. App. S.D.1997). In order to overcome such a presumption, a movant must establish a serious dereliction of duty by plea counsel that substantially affected his rights. *Bundy v. State*, 965 S.W.2d 402, 404 (Mo.App. S.D.1998). Movant must also demonstrate to "a reasonable probability that, but for the errors or ineffectiveness of counsel, he would not have pleaded guilty and would have insisted on a trial." *Trehan v. State*, 872 S.W.2d 156, 158 (Mo. App. S.D.1994); *see also Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

■ To warrant an evidentiary hearing, a movant's motion must meet three requirements: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must not be refuted by the files and records in the case; and 3) the matters complained of must have resulted in prejudice to the movant. *State v.*

*Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992); *McClellan v. State*, 967 S.W.2d 706, 708 (Mo.App. S.D.1998).

■ In the instant case, in order to show that Attorney Feely's performance was deficient, Movant was required to plead facts showing that Attorney Feely failed to adequately advise him of the consequences of withdrawing his motion to withdraw his guilty pleas. To show prejudice, Movant was required to plead facts showing that his Rule 29.07(d) motion to withdraw his guilty pleas would have been granted, and that he would have chosen to go to trial on all eight charges rather than pleading guilty under the terms of the plea bargain.

Movant has failed to allege facts showing that Attorney Feely's performance was deficient. At the re-sentencing hearing, Movant affirmed Attorney Feely's statement that, after a few days discussion between Movant and Attorney Feely, Movant had decided to withdraw his motion to withdraw his guilty pleas and to proceed with sentencing. In his Rule 24.035 motion, Movant contended, however, that because of Attorney Feely's lack of advisement, he did not fully understand the consequences of withdrawing his motion to withdraw his guilty pleas. As aforementioned, there is a strong presumption that counsel's conduct was reasonable under the circumstances. *See Bauer*, 949 S.W.2d at 249. Movant's conclusion that Attorney Feely failed to advise him of the consequences of withdrawing his motion to withdraw his guilty pleas does not overcome such a presumption as Movant fails to allege any facts indicating what advice Attorney Feely should have provided or what consequences Movant should have been made aware of.

Furthermore, Movant has failed to allege any facts showing that, but for Attorney Feely's alleged unprofessional errors, he would have not pled guilty and would have insisted upon going to trial. Movant concludes that there was a "reasonable probability" that he would have proceeded to trial as his Rule 29.07(d) motion to

withdraw his pleas would have likely been meritorious. However, Movant does not allege in his motion any grounds upon which a motion to withdraw his guilty pleas would have been sustained.[2] In addition, this would have been Movant's third attempt to withdraw his pleas of guilty. His first attempt to withdraw his pleas, as previously noted, was denied by the court after an extensive hearing in which Movant testified. His second attempt was denied at the sentencing hearing. Therefore, it was highly unlikely that the sentencing court would have granted Movant's motion to withdraw his guilty pleas, and Movant alleges no facts to the contrary.

Moreover, Movant has also failed to show that he would have elected to stand trial on all eight charges and forego his plea agreement. The motion court declared in its findings and conclusions that by accepting the plea and proceeding to sentencing, Movant "had the benefit of a plea agreement which ran three counts concurrent and dismissed an additional four counts." Absent factual allegations to the contrary, the benefits of the plea agreement refute Movant's allegations that there was a "reasonable probability" that he would have proceeded to trial.

The motion court did not clearly err in dismissing Movant's motion without an evidentiary hearing as Movant failed to plead sufficient facts showing that Attorney Feely's performance was deficient, or that he was prejudiced by the withdrawal of the motion to withdrawal his guilty pleas. Movant's point is therefore denied.

The judgment of the motion court is affirmed.

PREWITT, J., and BARNEY, C.J., concur.

---

**2.** We also note that Movant has failed to provide this Court with copies of his Rule 29.07(d) motions to withdraw his pleas of guilty, thereby violating his duty to prepare and file a complete record on appeal. *See State v. Foster,* 854 S.W.2d 1, 6 (Mo.App. W.D.1993).