Buck Edward TALLEY,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 26066.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 2004.

Craig A. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Buck Edward Talley ("Appellant") appeals from the trial court's denial of his Rule 24.035[1] motion for post-conviction relief on the basis of ineffective assistance of counsel. We affirm.

Appellant was charged by information under Section 195.211[2] with the possession of more than five grams of marijuana with the intent to distribute. On September 9, 2002, Appellant entered a plea of guilty to this charge without a written plea agreement. Appellant admitted to possessing 3,073 grams of marijuana as well as paraphernalia, including scales and baggies, used in its distribution. He also admitted having the intent to distribute the marijuana. At the guilty plea hearing, Appellant was informed of the maximum and minimum sentences for his crime. He also stated that he had not received any kind of promise for pleading guilty; that he fully and freely discussed the case with his attorney, Randy Anglen ("Anglen"), before making his plea; and that he was fully advised by his attorney of all of his legal rights as well as the consequences of his entering a guilty plea. Appellant said that he had no complaints about his attorney.

The motion court ordered a pre-sentence investigation before sentencing Appellant. The report of that investigation described the crime for which Appellant pled guilty as well as the alleged activities leading to his arrest. The report described a drug trafficking operation in which Appellant, along with his stepdaughter who resided in Arkansas, would travel to San Antonio, Texas every couple of months in order to purchase a large quantity of marijuana (usually between twenty-five and forty pounds), which they would then split and sell. The report also noted that Appellant was seventy years old, had suffered previous heart attacks, and had no previous contact with the criminal justice system; that he had a stable employment situation and was not a substance abuser; and that he lived with a woman he considered his wife, though they were never married, and he and she ran a business. The report recommended

---

1. All rule references are to the Missouri Rules of Criminal Procedure (2003) unless otherwise specified.

2. All statutory references are to RSMo (2000) unless otherwise specified.

against probation, as requested by the Appellant, due to the underlying offense and his key involvement in the drug trafficking operation.

On November 7, 2002, Appellant was sentenced to ten years in the Missouri Department of Corrections. Appellant timely filed a motion for post-conviction relief pursuant to Rule 24.035 claiming ineffective assistance of counsel. A hearing on the motion was held on September 17, 2003. The trial court denied Appellant's motion and this appeal followed.

■ We review the denial of a motion for post-conviction relief only to determine whether the findings of fact and conclusions of law of the motion court were clearly erroneous. *Schuerenberg v. State,* 98 S.W.3d 922, 923 (Mo.App. S.D.2003); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Schuerenberg,* 98 S.W.3d at 923.

■ In his sole point on appeal, Appellant claims the motion court clearly erred in denying his motion because he received ineffective assistance of counsel in that his counsel unreasonably misadvised him that he would likely receive probation. Appellant claims that his counsel's advice was unreasonable because of the nature of the underlying facts of the offense and that this constitutes ineffective assistance of counsel because he would not have pled guilty but for this advice.

■ "A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced."

*Graham v. State,* 11 S.W.3d 807, 810 (Mo. App. S.D.1999) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). When the movant's conviction was the result of a guilty plea, "a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made." *Id.* (citing *Wilkins v. State,* 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991)).

■ There is a strong presumption that counsel's conduct was reasonable under the circumstances. *Barringer v. State,* 35 S.W.3d 493, 496 (Mo.App. S.D.2000). The movant only overcomes this presumption if he "establishe[s] a serious dereliction of duty by plea counsel that substantially affected his rights." *Id.* Movant must also demonstrate to "a reasonable probability that, but for the errors or ineffectiveness of counsel, he would not have pleaded guilty and would have insisted on a trial." *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App. S.D.1994). If the movant receives a heavier sentence than he actually expected, this expectation does not make a plea involuntary. *Felton v. State,* 103 S.W.3d 367, 371 (Mo.App. S.D.2003). "A mere prediction or advice of counsel will not lead to [a] finding of legal coercion rendering a guilty plea involuntary." *Id.* (*quoting Loudermilk v. State,* 973 S.W.2d 551, 554 (Mo.App. E.D.1998)). However, if the movant "had a mistaken belief about his sentence, it could entitle him to relief if the mistake was based on a positive misrepresentation on which he was entitled to rely, and if the mistake was reasonable." *Id.*

Although Anglen attempted to arrange a plea bargain in this case, the State refused. Anglen discussed the options of a jury trial versus a bench trial with Appel-

lant, and recommended that he plead guilty, without a plea agreement, because he felt that the State had more than enough evidence for a conviction. Anglen also testified that he had experience before the motion court in similar matters, and those clients received probation. He testified, however, that he did not advise Appellant that Appellant would likely receive probation, though he did state in a letter to Appellant that, "I think you would be a likely candidate to receive probation due to the fact that you do not have a criminal record and your age." There was testimony that Anglen informed Appellant about the range of punishment, and also speculated that if he did not receive probation, Appellant would probably receive five or seven years. Anglen stated, however, that he never makes guarantees about what would occur.

Appellant testified that Anglen told him that he would probably receive probation, but that he also knew that it was possible that he would receive another sentence. However, Appellant contended that Anglen told him about probation so many times that he believed it. Anglen discussed the advantages and disadvantages of making the plea, as well as the pre-sentence investigation that would be conducted before sentencing. Appellant stated that had Anglen advised him, because of the amount of drugs involved and transportation across state lines, that he was unlikely to receive probation, he would not have pled guilty. Appellant, however, understood that no promises were made to him regarding sentencing.

We cannot say that the motion court clearly erred in denying Appellant's motion. While Anglen appears to have predicted that Appellant would receive probation, this is not enough to render the plea involuntary. *See Felton,* 103 S.W.3d at 371. There is no evidence that Anglen promised that Appellant would receive probation. Furthermore, Appellant was informed, at the time he entered his plea, of the minimum and maximum sentences. He denied that any promises had been made to him about his sentence. He expressed satisfaction with his representation by Anglen. He also admitted that his plea was free and voluntary. At the sentencing hearing, Appellant reaffirmed his satisfaction with Anglen's representation. It appears that Anglen made an errant prediction of Appellant's sentence, but an errant prediction does not lead to a conclusion that he was ineffective in his assistance of Appellant. While he may have thought that Anglen's prediction of his sentence would be correct, there is ample evidence that Appellant was informed of all possible consequences before his plea was accepted. Accordingly, we cannot say that Appellant's plea was involuntary. Appellant has not shown that his counsel was ineffective. The motion court did not clearly err in denying Appellant's motion for post-conviction relief and its decision is affirmed.

PREWITT, J., and RAHMEYER, J., concur.