

# Missouri Court of Appeals
## Southern District

### In Division

TOMMY R. MORRIS,             )
                                    )
        Plaintiff-Appellant,       )
                                    )
v.                                 )     No. SD37698
                                    )     Filed: **July 10, 2023**
STATE OF MISSOURI,        )
                                    )
        Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

### **AFFIRMED**

Tommy R. Morris ("Morris") appeals the denial of his amended Rule 29.15 motion for post-conviction relief (the "Rule 29.15 motion") by the Circuit Court of Greene County (the "motion court") after an evidentiary hearing.[1]  In a single point on appeal, Morris argues he was denied effective assistance of counsel "in that his trial counsel failed to act as a reasonably competent attorney under the same or similar circumstances by failing to request a change of venue despite repeated requests from [Morris] to do so."  Because the motion court did not clearly err in denying the Rule 29.15 motion, we affirm.

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2022), and all statutory citations are to RSMo 2016, including applicable statutory changes effective January 1, 2017.

**Factual Background and Procedural History**

The State charged Morris with one count of felony attempted delivery of a controlled substance (Count I), one count of felony delivery of a controlled substance (Count II), and one count of second-degree felony murder (Count III) related to events that occurred in April 2018. *See* Sections 579.020, 565.021. Morris waived his right to a jury trial. After a bench trial in January 2020, the trial court found Morris guilty of each count and sentenced Morris to ten years' imprisonment each on Counts I and II and to thirty years' imprisonment on Count III, with the sentences to run concurrently.[2] Morris appealed, and this Court affirmed the trial court's judgment. *See* ***State v. Morris***, 626 S.W.3d 326 (Mo.App. 2021).

Morris filed *pro se* a Form 40 motion to vacate, set aside, or correct the judgment or sentence. The trial court appointed counsel for Morris ("PCR counsel"), and PCR counsel filed the Rule 29.15 motion alleging "[trial counsel] was ineffective in failing to . . . file a motion for change of venue for cause prior to trial." The motion court conducted an evidentiary hearing on the Rule 29.15 motion. Two attorneys from the Missouri State Public Defender System represented Morris at the trial level. Both attorneys testified at the evidentiary hearing. For ease of reference, we will refer to the attorneys as Counsel One and Counsel Two.

Counsel One testified she represented Morris from April 2018 to approximately May 2019, when she transferred offices. Counsel One had concerns about pretrial publicity from the outset of Morris's case and instructed staff to collect media coverage as the case moved forward "[b]ecause of the concern of the media and that it potentially would taint the jury." Counsel One did not move for a change of venue within ten days after entry of Morris's initial plea (or at any

---

[2] "[W]e shall recite only those facts necessary to discuss [Morris's] postconviction claims." ***Mann v. State***, 245 S.W.3d 897, 899 n.3 (Mo.App. 2008). "In a court-tried criminal case, the judge's findings have the force and effect of a jury verdict." ***State v. Osborn***, 663 S.W.3d 891, 893 n.1 (Mo.App. 2023) (citing Rule 27.01(b); ***State v. Crawford***, 68 S.W.3d 406, 408 (Mo. banc 2002)).

other time), as required by Rule 32.04, because she did not have enough physical evidence to move for a change of venue during her representation of Morris.[3]  Counsel One testified that, had she continued to represent Morris, it is highly likely she would have filed a motion for change of venue.

Counsel Two testified he assumed representation of Morris in May 2019.  Counsel Two knew the case had received media coverage:  "At the time of the incident there was a great deal of media coverage, and then it died down for the next two years until right before the trial, and then there was a few more articles that came out about the trial to be held."  Counsel Two recalled no specific conversations with Morris about moving for a change of venue but had reviewed the news articles in the file.  Even if Morris had asked Counsel Two to move for a change of venue, Counsel Two would not have filed the motion because it would have been untimely under Rule 32.04, it would not have succeeded because it was "irrelevant" where the case was tried because "under felony murder you can't defend it[,]" and a different venue would not have changed the outcome of the trial.  Counsel Two testified Morris's decision to waive his right to a jury trial was a strategic decision unrelated to venue or media coverage.

Morris also testified at the evidentiary hearing.  He expressed his concerns about media coverage and his desire for a change of venue to both Counsel One and Counsel Two.  Morris would not have waived his right to a jury trial if the jury trial could have been held outside of

_____

[3] Morris does not claim he was entitled to a change of venue without cause under Rule 32.03.  Rule 32.04, upon which Morris relies for his argument that counsel should have requested a change of venue for cause, provides in relevant part:

    **(a)** Upon written application of the defendant, a change of venue may be ordered in any criminal proceeding triable by jury for the following reasons:
    (1) that the inhabitants of the county are prejudiced against the defendant; or
    (2) that the state has an undue influence over the inhabitants of the county.
    **(b)** In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered.

Greene County. Morris waived his right to a jury trial because Counsel Two told him a motion for change of venue would not be granted.

The motion court received in evidence at the evidentiary hearing ten news articles about the case, at least five from April 2018, two from October 2018, and one from June 2019.

On July 15, 2022, the motion court entered its Findings, Conclusions and Judgment denying the Rule 29.15 motion. Morris appealed.

## Standard of Review

"Appellate review of the [motion] court's ruling is limited to determining whether the [motion] court's findings and conclusions are clearly erroneous[.]" *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021) (citing Rule 29.15(k)). "The judgment is 'clearly erroneous' when, upon review of the complete record, there is a 'definite and firm impression that a mistake has been made.'" *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (quoting *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019)). "This Court presumes that the motion court's findings are correct." *Barton v. State*, 432 S.W.3d 741, 748 (Mo. banc 2014) (citing *Baumruk v. State*, 364 S.W.3d 518, 525 (Mo. banc 2012)). "This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019) (quoting *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016)).

## Analysis

"To obtain postconviction relief on the basis of ineffective assistance of counsel, a movant must satisfy the two-prong *Strickland* standard." *McFadden v. State*, 619 S.W.3d 434, 445 (Mo. banc 2020) (citing *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018)). "A movant must first demonstrate that counsel's performance was deficient." *Id.* "Performance is deficient if it fails to rise to the level of skill and diligence that would be demonstrated by a

4

reasonably competent attorney under similar circumstances." *Id.* "[W]hether counsel's performance conformed to the degree of skill, care, and diligence of a reasonably competent attorney is an 'inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.'" *McLemore*, 635 S.W.3d at 559 (quoting *Harrington v. Richter*, 562 U.S. 86, 110 (2011)). "A movant must then prove he was prejudiced by counsel's deficient performance." *McFadden*, 619 S.W.3d at 445 (citing *Anderson*, 564 S.W.3d at 601). "Prejudice occurs when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Anderson*, 564 S.W.3d at 601). "Reasonable probability requires 'a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017)). "If the defendant 'fails to satisfy either prong, we need not consider the other.'" *Staten v. State*, 624 S.W.3d 748, 750 (Mo. banc 2021) (quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)).

"A decision not to seek a change of venue demonstrates no incompetence by counsel unless it is manifestly wrong." *Mann*, 245 S.W.3d at 905 (quoting *Milner v. State*, 968 S.W.2d 229, 231 (Mo.App. 1998)). "[T]he mere existence of pretrial publicity does not automatically require a change of venue." *Id.* To be entitled to a change of venue for cause under Rule 32.04, a movant must show "the pretrial publicity 'so permeated the community as to render impossible the seating of an impartial jury.'" *State v. Johns*, 34 S.W.3d 93, 107 (Mo. banc 2000) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1181 (10th Cir. 1998)).

The motion court did not clearly err in denying the Rule 29.15 motion. Morris waived his right to a jury. Morris has not alleged or proven "the pretrial publicity so permeated the community as to render impossible the seating of an impartial jury." *Id.* Morris alleges

generally that he could not receive a fair trial in Greene County because of widespread news coverage, and that a reasonable probability exists that a change of venue motion would have been granted and the outcome of his case would have been different.  Morris's generalized assertions have no record support.[4]

The record does not support Morris' contention that a motion for change of venue would have been granted, or that the outcome of his case would have been different had the motion been filed and granted.  A motion for change of venue was not filed in time under Rule 32.04.  Counsel One testified there was not enough physical evidence to justify filing such a motion by the deadline in Rule 32.04.  Counsel Two testified he would not have filed the motion because it would not have been filed timely under Rule 32.04, it would not have succeeded because it was "irrelevant" where the case was tried because "under felony murder you can't defend it[,]" and a different venue would not have changed the outcome of the trial.  Counsel Two also testified Morris's decision to waive his right to a jury trial was a strategic decision unrelated to venue or media coverage.  We "defer[] to the motion court's superior opportunity to judge the credibility of witnesses." *Hosier*, 593 S.W.3d at 81 (quoting *Davis*, 486 S.W.3d at 905).  It was objectively reasonable for counsel to not file a meritless motion for change of venue.  "[C]ounsel cannot be found to be ineffective for failing to file a meritless motion or for failing to give incorrect legal advice." *Dortch v. State*, 531 S.W.3d 126, 128 (Mo.App. 2017).

---

[4] Morris relies on *State v. Baumruk*, 85 S.W.3d 644, 650 (Mo. banc 2002), but *Baumruk* is distinguishable in the following respects, among others:  it involved a capital murder case tried to a jury where the court found the jury had "in effect, sat at the murder scene while determining guilt or innocence and the penalty to be imposed," when the jury heard the case in the same St. Louis County courthouse in a nearly identical courtroom to where the defendant had shot his wife; there was record evidence of scientific polling concerning the jury pool's memory of the facts of the incident years after the incident, and the court found:  "This is not just a pre-trial publicity, improper venue case.  At its core, this case raises a serious question as to the 'impartiality of the adjudicator' because of the environment in which the trial was held." (citing *Gray v. Mississippi*, 481 U.S. 648, 668 (1987)).

Further, the record does not support Morris's assertion that he could not obtain a fair trial in Greene County. There is no record evidence the trial court was aware of or influenced by any pretrial publicity. *See* **Mann**, 245 S.W.3d at 905 (finding no prejudice from alleged ineffective assistance of counsel in failing to move for a change of venue when the case was tried to the court instead of a jury and the record was devoid of evidence that the court was aware of or influenced by any pretrial publicity). Point denied.

## Conclusion

The motion court's denial of the Rule 29.15 motion is affirmed.


GINGER K. GOOCH, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

DON E. BURRELL, J. – CONCURS